UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SEAN A. DEDRICK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00215-TWP-DML |
| | ) | |
| STEVEN BEARDSLY, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Granting Motion to Proceed *In Forma Pauperis* and Dismissing Complaint**

**I.**

The plaintiff's motion to proceed *in forma pauperis*, dkt. [2], is **granted**. Notwithstanding the foregoing ruling, the plaintiff still owes the entire filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan*, 91 F.3d 1023, 1025 (7th Cir. 1996).

**II.**

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints filed by plaintiffs proceeding *in forma pauperis* before service on the defendants, and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston,* 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under this rule,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The plaintiff brings this action against his retained criminal defense attorney Steven Beardsly pursuant to 42 U.S.C. § 1983. The plaintiff alleges that he paid Mr. Beardsly to represent him, but Mr. Beardsly would not visit him in jail, return his calls, or seek his release from jail as promised.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[A]cting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* (citation and quotation marks omitted).

Mr. Beardsly, as the plaintiff's privately retained criminal defense attorney, is not a state actor, since a private attorney is in no way "clothed with the authority of state law." *Id.* Even if Mr. Beardsly was a public defender, and thus his salary paid by the state, the Supreme Court has held he still would not be acting under the color of state law. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 453 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). Because Mr. Beardsly was not acting under color of state law, the plaintiff's § 1983 claims against him must be dismissed.

Although the plaintiff asserts that he is only bringing federal claims, his claims appear more appropriately brought pursuant to state law. To the extent he wishes to bring state law claims against Mr. Beardsly, he must bring such state law claims in state court since he does not have any viable federal claims.

## II.

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through December 17, 2018**, in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date: 11/27/2018

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

SEAN A. DEDRICK
97907165
400 W. Francis Street
Clarksville, IN 47150